MACK W. KIRKLEN v. THE STATE.

No. 23807. Delivered November 26, 1947.
Rehearing Denied (Without Written Opinion) January 21, 1948.

*Davenport & Davenport,* of San Angelo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Upon his plea of guilty before a jury, appellant was assessed the minimum penalty of two years' confinement in the penitentiary for passing a forged instrument.

In establishing its case, the State introduced—among other things—appellant's written confession, wherein appellant confessed that one Clark forged the check which he (appellant) passed.

In testifying as a witness in his own behalf appellant said that he forged the check—that is, that he wrote it and passed it, knowing that it was a forgery.

The conviction occurred and sentence was passed upon appellant on April 9, 1947. On May 29, 1947, or approximately fifty days thereafter and at the same term of court, appellant sought permission to file and present a motion for new trial in the case. This the trial court refused. Among other things, this motion attacked the sufficiency of the evidence to support the conviction.

The foregoing facts demonstrate the sufficiency of the evidence. It is immaterial whether the appellant forged the check or some one else forged it. He knew that it was forged and he passed it with that knowledge and received the money. This constitutes the offense of passing a forged instrument.

The other grounds of the motion are based upon equitable matters and addressed to the sound discretion of the trial judge—such as appellant's contention that he was led to believe that he would receive a suspended sentence when he entered the plea of guilty. It is not charged that any officer of the law or of the court caused him to so believe or made any agreement or statement by which he was misled.

There is an entire absence of any proof that the trial judge abused his discretion in the matter.

Accordingly the judgment is affirmed.

Opinion approved by the Court.