**Jack NELSON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**
**No. 45106.**

Court of Criminal Appeals of Texas.

March 8, 1972.

Carl Raymond Crites, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong and C. N. Rothe, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: heroin. The appellant waived a jury and plead guilty before the court and his punishment was assessed at ten years.

The contention on this appeal is that the court erred by accepting the plea of guilty "in view of the defendant's ambiguous and confusing statements as to his guilt or innocence."

The record reflects the following:

"MR. ARMSTRONG (The Prosecutor): Your Honor, at this time the State would make a motion to the Court to waive and abandon the second count of the indictment in this cause which alleges the unlawful sale of heroin to H. Rangel on April 3rd, 1970, and would ask the Court to abandon that count and we would proceed to trial on the first count of the indictment which alleges the unlawful possession of narcotic drugs, to-wit, heroin, on April 3rd, 1970.

"THE COURT: Let's make sure I have that straight. The possession count is number one?

"MR. ARMSTRONG: The possession count is number one and sale is number two.

"THE COURT: You were arraigned on December 23rd, in the 144th District Court and pled not guilty; is that true?

"THE DEFENDANT: Yes, sir.

"THE COURT: It is my understanding you desire to change your plea to guilty; is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. Before you can plead guilty in any Court in this State it is necessary that you be given certain warnings and asked certain questions. Number one is are you pleading guilty because you are guilty?

"THE DEFENDANT: Not because I was guilty—

"MR. HERNDEN (Defense Counsel): You are pleading guilty to the possession because you are guilty. You are not pleading guilty to the sale.

"THE COURT: You are charged, now, with possession of narcotics drugs, he has abandoned the sale, he is not even charging you with sale.

"THE DEFENDANT: Yes sir.

"THE COURT: The question is are you pleading guilty because you are guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: Has anybody placed you in fear, threatened you, abused you or beat you or forced you to plead guilty?

"THE DEFENDANT: No sir.

"THE COURT: Has anybody promised you anything to plead guilty?

"THE DEFENDANT: No sir.

"THE COURT: The offense with which you are charged, which is possession of narcotic drugs, to-wit, heroin, carries a punishment in this State of not less than two years nor more than life, understanding what the possible punishment is, do you still insist on pleading guilty?

"THE DEFENDANT: Yes, sir."

The contention is that when appellant replied, "Not because I *was* guilty ——,"

(Emphasis supplied) shows he was confused or uncertain of his plea. On motion for new trial the appellant testified, when asked what he was going to tell the judge, "Yes. I was going to say it in a way but I *was going to make myself clear* so that he wouldn't feel that I· was just pleading guilty because I was guilty to get probation."

We conclude that the quoted testimony *from the trial shows* that the court and appellant's retained counsel further questioned and explained to him the charge he answered he was pleading guilty to when he made the complained of response.

The record shows that appellant pleaded guilty because he was guilty, and there is an absence of any proof that the trial judge abused his discretion in accepting the plea of guilty herein. Kirklen v. State, 151 Tex.Cr.R. 315, 207 S.W.2d 88.

The judgment is affirmed.